UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVINA H., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br>　　　　　Defendant. | CASE NO. 3:18-CV-05279-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to give legally sufficient reasons to reject opinion evidence from Dr. James D. Czysz, Psy. D., and Mr. Erran Sharpe, LMHC. Had the ALJ properly considered this evidence,

the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 11, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of December 1, 2004. *See* Dkt. 8, Administrative Record ("AR") 18. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. ALJ Ilene Sloan held a hearing on September 7, 2016. AR 40-76. At the hearing, Plaintiff amended her alleged onset date of disability to January 1, 2012. *See* AR 18, 44, 65-66. In a decision dated January 20, 2017, the ALJ determined Plaintiff to be not disabled. AR 40-76. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) opinion evidence from Dr. Czysz and Mr. Sharpe, as well as Dr. Patricia Kraft, Ph.D., Dr. John Robinson, Ph.D., and Dr. Renee Eisenhauer, Ph.D.; and (2) Plaintiff's subjective symptom testimony. Dkt. 10, pp. 3-13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ failed to properly consider medical opinion evidence from Dr. Czysz, Mr. Sharpe, Dr. Kraft, Dr. Robinson, and Dr. Eisenhauer. Dkt. 10, pp. 3-11.

A.   Dr. Czysz

Plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Czysz's medical opinion. Dkt. 10, pp. 6-8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Czysz completed a psychological/psychiatric evaluation of Plaintiff on August 20, 2014. AR 382-88. As part of the evaluation, Dr. Czysz conducted a clinical interview and mental status examination. AR 382-88. Dr. Czysz opined Plaintiff had moderate limitations in her ability to make simple work-related decisions, and understand, remember, and persist in tasks by following detailed instructions. AR 384. Likewise, Dr. Czysz found Plaintiff moderately limited in

her ability to be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. AR 384. Dr. Czysz further determined Plaintiff had marked limitations in her ability to learn new tasks, adapt to changes in a routine work setting, and communicate and perform effectively in a work setting. AR 384. Additionally, Dr. Czysz opined Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 384. Dr. Czysz similarly found Plaintiff had a marked limitation in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 384.

The ALJ assigned "minimal weight" to Dr. Czysz's opinion for five reasons: (1) Dr. Czysz "provided no specific explanation" for the opined limitations; (2) Dr. Czysz examined Plaintiff one time, with no supporting clinical notes; (3) Plaintiff's homelessness contradicted parts of Dr. Czysz's opinion; (4) Plaintiff's purported part-time work contradicted parts of Dr. Czysz's opinion; and (5) Dr. Czysz's mental status examination did not support his opinion. AR 30. While the ALJ gave a lengthy explanation of Dr. Czysz's opinion, each the ALJ's reasons was legally insufficient.

First, the ALJ rejected Dr. Czysz's opinion because she found it lacked "specific observations or narrative associated with the checked boxes." AR 30. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

In this case, Dr. Czysz furnished his opinion on a Washington State Department of Social and Health Services evaluation form. *See* AR 382-88. Although Dr. Czysz opined to several limitations in "check-off" format, Dr. Czysz's opinion includes notes from his clinical interview and mental status examination with Plaintiff, as well as his clinical findings. *See* AR 382-88. For instance, in his clinical findings, Dr. Czysz noted Plaintiff's "[a]nxiety," "hypervigilance," "exaggerated startle response," and "general mistrust" would "likely make it difficult for [Plaintiff] to trust or collaborate with co-workers or supervisors." AR 383. Dr. Czysz also wrote Plaintiff's anxiety symptoms would make it "difficult to sustain concentration over the work day." AR 383. Similarly, Dr. Czysz noted Plaintiff "occasionally hears voices," which "would make it difficult" for her to interact "in even a minimally appropriate manner with coworkers, supervisors, or the public." AR 383. Dr. Czysz provided several other pertinent notes throughout his report that support the opined limitations. *See* AR 382-86.

Hence, Dr. Czysz's opinion was not merely a check-box form, as it provided testing and results that are relevant to the opined limitations. Therefore, the ALJ's finding that Dr. Czysz's opinion was merely a check-box form with no observations or narrative was not supported by substantial evidence in the record. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

Second, the ALJ rejected Dr. Czysz's opinion because "this was a one-time examination" without supporting clinical notes to explain Dr. Czysz's findings. AR 30. An examining physician, by definition, does not have a treating relationship with the claimant and usually only examines a claimant one time. *See* 20 C.F.R. § 404.1527(c) (effective Aug. 24, 2012 to Mar. 26, 2017). "When

considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014). Furthermore, as discussed above, Dr. Czysz's opinion contains clinical interview notes, mental status examination results, and detailed clinical findings. *See* AR 382-88. Clinical interviews and mental status examinations "are objective measures" that support psychiatric findings. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Accordingly, rejecting Dr. Czysz's opinion merely because he was an examining physician was not specific and legitimate. *See id.*; *see also Yeakey*, 2014 WL 3767410, at *6.

Third, the ALJ discounted Dr. Czysz's opinion because she found "the larger record" inconsistent with Dr. Czysz's opined limitations. AR 30. The ALJ specifically noted Plaintiff's homelessness was inconsistent with Dr. Czysz's opinion that Plaintiff was limited in her ability to adapt, be aware of normal hazards, and take appropriate precautions. An ALJ may discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). Regardless, ALJ cannot reject a physician's opinion in a vague or conclusory manner; rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421. Moreover, an ALJ's findings must be supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

In this case, the record reflects the ALJ accurately found Plaintiff experienced homelessness during the relevant period. *See, e.g.*, AR 45, 382, 398, 410. But the ALJ failed to explain how Plaintiff's experiences with homelessness contradicted Dr. Czysz's opinion that Plaintiff was limited in the workplace in her ability to adapt, be aware of normal hazards, and take

appropriate precautions "*over a normal workday and workweek* on an ongoing, appropriate, and independent basis." *See* AR 30, 384 (emphasis added). Furthermore, this Court has previously held:

> Homelessness is not a sign of success. Homelessness, generally, is not a condition of one's choosing. To the contrary, being homeless may very well demonstrate that a person is incapable of tolerating the pressures and expectations of a work environment. And attributing certain skills to homelessness is hardly a legitimate reason for discounting [a physician's] opinion.

*Pletcher v. Colvin*, 2014 WL 3440730, at *3 (W.D. Wash. July 11, 2014).

As in *Pletcher*, Plaintiff's homelessness here is not a sign of her success, and the record does not support the ALJ's finding that Plaintiff's homelessness shows she can adapt, be aware of normal hazards, and take appropriate precautions. To the contrary, the references in the record to Plaintiff's homelessness are vague, and do not show Plaintiff was not limited in these basic work activities. *See, e.g.*, 45, 382, 398, 410. Hence, in light of the ALJ's lack of explanation, and the relevant case law and record, Plaintiff's experience with homelessness was not a specific, legitimate reason to discount Dr. Czysz's opinion.

Fourth, the ALJ assigned minimal weight to Dr. Czysz's opinion because she found Dr. Czysz's opinions about Plaintiff's limitations in attendance, punctuality, ability to learn new tasks, and communication inconsistent with Plaintiff's "successful performance of part time work[.]" AR 30. Yet the ALJ failed to cite any records showing Plaintiff indeed performed part-time work after her alleged onset date of disability. *See* AR 30; *see also* AR 22 (ALJ purporting at Step Three that Plaintiff performed part-time work but failing to provide any record citation). At the hearing, Plaintiff's counsel indicated Plaintiff stopped working in 2011 – prior to Plaintiff's alleged onset date of disability of January 1, 2012. AR 44. Given the ALJ's lack of record citation showing Plaintiff performed any work during the relevant period, the Court cannot determine the ALJ's

fourth reason for discounting Dr. Czysz's opinion was supported by substantial evidence in the record. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Defendant concedes "the ALJ failed to cite to specific records in discussing the part-time work," but argues the "Court can reasonably identify the substantial evidence supporting the ALJ's finding[.]" Dkt. 13, p. 14. To support this argument, Defendant cites two records: One record from September 2014, which Defendant contends shows Plaintiff "was offered a position to work four days per month," and another record from April 2015, in which Plaintiff "described a work incident with her boss." *Id.* (citing AR 398, 563). The September 2014 record – a mental health counseling record – states Plaintiff reported in a counseling session that she received a job offer to work four days per month. AR 398. However, Plaintiff expressed concern that working would impact her disability claim. *See* AR 398. The record does not indicate whether Plaintiff accepted the potential employment opportunity. *See* AR 398.

The April 2015 record Defendant cites is also a mental health counseling record, in which Plaintiff described an incident "at the shelter" and stated her "case manager" reprimanded her for her actions. AR 563. Plaintiff stated she was questioned by her case manager, as well as "her boss." AR 563. It is unclear from the record whether "her boss" referred to Plaintiff's boss or the case manager's boss. *See* AR 563. Nevertheless, this record indicates the incident occurred at the shelter Plaintiff was living in at the time. *See* AR 563. The record does not indicate whether Plaintiff was also working a job at the shelter. *See* AR 563. As such, Defendant's post hoc rationalization is unpersuasive. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))

(other citation omitted) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The ALJ's fourth reason for discounting Dr. Czysz's opinion was therefore legally insufficient.

Fifth, the ALJ rejected Dr. Czysz's opinion because she found Dr. Czysz's opined limitations were unsupported by the mental status examination he conducted. AR 30. The ALJ noted that "[t]esting revealed deficits in memory and concentration as well as slowing of thought process and rumination, but the claimant's capacity was apparently sufficient for simple tasks." AR 30. Yet the ALJ failed to provide rationale as to why she found these abnormal findings insufficient to explain Dr. Czysz's opined limitations. *See* AR 30. Instead, the ALJ "merely states" these facts "point toward an adverse conclusion" and "makes no effort to relate any of these" facts to "the specific medical opinions and findings [she] rejects." *Embrey,* 849 F.2d at 421. "This approach is inadequate." *Id.*

Moreover, although the ALJ claimed Dr. Czysz "did not relate any of these test results to the boxes he checked," the ALJ overlooked abnormal findings contained throughout Dr. Czysz's report which support his findings, such as the detailed notes on symptoms and associated clinical findings previously discussed. *See* AR 383; *see also* AR 382 (clinical interview), 385 (remainder of the mental status examination). Thus, given the ALJ's lack of explanation and selective record reliance, this was not a specific, legitimate reason, to reject Dr. Czysz's opinion. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion'").

The ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, for giving Dr. Czysz's opinion little weight. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v.*, 556 U.S. at 407 (quoting 28 U.S.C. § 2111)).

In this case, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included additional limitations with proper consideration of Dr. Czysz's opinion. For example, the RFC and hypothetical questions may have contained greater task and social limitations in light of Dr. Czysz's opinion that Plaintiff was markedly limited in her ability learn new tasks and communicate effectively in a working setting. The RFC and hypothetical questions may have also reflected Dr. Czysz's opinion that Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. The RFC and hypothetical questions posed to the VE did not contain such limitations. *See* AR 24, 70-75. The ALJ's errors were therefore not harmless and require reversal.

B. Mr. Sharpe

Next, Plaintiff contends the ALJ failed to provide any germane reason for rejecting the September 2016 opinion of Mr. Sharpe, Plaintiff's treating mental health counselor. Dkt. 10, pp. 3-5.

Pursuant to federal regulations, medical opinions from "other" medical sources, such as mental health counselors, must be considered. *See* 20 C.F.R. § 404.1513(d) (effective Sept. 3, 2013 to Mar. 26, 2017);[1] *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling 06-3p, 2006 WL 2329939. "Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

Mr. Sharpe has provided Plaintiff with mental health counseling since April 2016. *See* AR 651-58. On September 6, 2016, Mr. Sharpe completed a "Medical Source Statement of Ability to do Work-Related Activities (Mental)" – a check-off form from the Social Security Administration. *See* AR 648-50. Mr. Sharpe wrote that the assessment applied from April to September 2016. AR 648. Mr. Sharpe attached treatment notes from his counseling sessions with Plaintiff to his opinion form. *See* AR 651-58.

---

[1] These regulations apply for claims, such as Plaintiff's claim, filed before March 27, 2017. *See* 20 C.F.R. § 404.1513(a).

With respect to Plaintiff's "ability to understand, remember, and carry out instructions," Mr. Sharpe opined Plaintiff had a slight limitation in her ability to understand and remember short, simple instructions. AR 648. Further, Mr. Sharpe wrote Plaintiff had a moderate limitation in her ability to carry out short, simple instructions. AR 648. Mr. Sharpe also determined Plaintiff was markedly limited in her ability to understand and remember detailed instructions, and make judgments on simple work-related decisions. AR 648. Mr. Sharpe found Plaintiff had an extreme limitation in in her ability to carry out detailed instructions. AR 648. Mr. Sharpe wrote that he opined these limitations because Plaintiff "is verbally and physically disorganized" in counseling sessions. AR 648.

Regarding Plaintiff's "ability to respond appropriately to supervisors, co-workers, and work pressures in a work setting," Mr. Sharpe opined Plaintiff had a moderate limitation in her ability to respond appropriately to changes in a routine work setting. AR 649. Mr. Sharpe additionally determined Plaintiff had marked restrictions in her ability to interact appropriately with the public, supervisors, and co-workers. AR 649. Likewise, Mr. Sharpe found Plaintiff markedly limited in her ability to respond appropriately to work pressures in a work setting. AR 649.

The ALJ assigned "minimal weight" to Mr. Sharpe's opinion for six reasons:

> (1) The only explanation she[2] provided was her conclusion that the claimant was "verbally and physical [sic] disorganized in our sessions." Given the transcript like appearance of Ms. Sharpe's clinical notes, such disorganization does not appear obvious. While the claimant appeared to switch topics during sessions, this may be in response to Ms. Sharpe's apparent lack of direction during therapy. (2) Further, the ideas expressed in these clinical notes are dissimilar to the prior two years of mental health treatment, indicating such ideation and behavior was not indicative of the claimant's functioning throughout the period at issue. (3) I also note that the claimant was not medicated during the two months of treatment by Ms. Sharpe. (4) Ms. Sharpe also checked boxes indicating that the claimant's

---

[2] Although the ALJ referred to Mr. Sharpe with female pronouns, the record indicates he is male.

> abilities to interact with others and respond appropriately to work pressures were markedly limited. However, as detailed above, the claimant has engaged in interactions with a variety of others without such limitations. (5) Finally, Ms. Sharpe opined that the claimant was moderately limited in her ability to respond appropriately to changes in a work setting, yet, the claimant has demonstrated significant flexibility in navigating extensive periods of homelessness. (6) I also note that she was able to perform a social job on a part time basis during the period at issue. While there appeared to be some conflict with management, this was later attributed to inconsistencies between management members, rather than attributed to the claimant.

AR 29-30 (internal citations omitted) (numbering added).

First, the ALJ discounted Mr. Sharpe's opinion because of the lack of explanation from Mr. Sharpe on the opinion form and lack of support from the record. AR 29. An ALJ may reject an opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). But an ALJ cannot reject a source's opinion in a conclusory manner, and must provide rationale for her findings. *Embrey*, 849 F.2d at 421. An ALJ also cannot discount a treating source's opinion for being unsupported by the record where the opinion is supported by the source's own treatment notes contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

Here, the ALJ noted the only explanation Mr. Sharpe gave for some of the opined limitations was that Plaintiff was "verbally and physical[ly] disorganized," and speculated that such disorganization may have been because Mr. Sharpe "lack[ed] direction." AR 29. However, the ALJ failed to explain how he made this finding, or what about Mr. Sharpe's treatment notes indicate he lacked direction. *See* AR 29. Further, even assuming Mr. Sharpe's counseling lacked direction, this would not necessarily contradict Mr. Sharpe's finding that Plaintiff herself was verbally disorganized. A lack of direction from Mr. Sharpe also would not undermine his finding that Plaintiff was physically disorganized.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 13

Moreover, despite the ALJ's finding that such disorganization was not "obvious," a review of Mr. Sharpe's treatment notes shows Plaintiff regularly moved discussions between unrelated topics during counseling sessions. AR 658. For example, on April 18, 2016, Plaintiff went from discussing nightmares and flashbacks to reporting multiple personalities, and then discussing her panic attacks and homelessness. AR 658. Likewise, on June 17, 2016, Mr. Sharpe's treatment notes show Plaintiff led the conversation from her nightmares to her lack of interests. AR 657. Treatment notes from both June 28, 2016 and July 14, 2016 similarly show Plaintiff's reports moved between her flashbacks to the issues she was having with her multiple personalities. *See* AR 655-57. Mr. Sharpe noted on July 14, 2016 that Plaintiff's "[v]erbal content . . . skipped a lot of connections." AR 656. Mr. Sharpe's treatment notes support his finding that Plaintiff was "physically disorganized," as well. *See, e.g.*, AR 653 ("[Plaintiff] sat calmly but became somewhat distressed" and "teary"); AR 655 ("[s]ome restless part of [Plaintiff] could not sit down . . . today").

Thus, in light of the ALJ's lack of explanation and a review of the relevant treatment notes, the ALJ's first reason for discounting Mr. Sharpe's opinion was not germane nor supported by substantial evidence in the record. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating source's opinion was supported by "little explanation," as the ALJ overlooked relevant treatment notes); *see also Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context).

Second, the ALJ rejected Mr. Sharpe's opinion because she found "the ideas expressed" in Mr. Sharpe's treatment notes dissimilar to treatment notes from the previous two years, "indicating such ideation and behavior was not indicative of the claimant's functioning throughout the period at issue." AR 29. Inconsistency with the medical record is a germane reason to discount a lay

opinion. *Bayliss*, 427 F.3d at 1218 (citing *Lewis*, 236 F.3d at 511). Yet as previously explained, an ALJ cannot reject a source's opinion in a vague or conclusory manner. *Embrey*, 849 F.2d at 421. Here, although the ALJ stated Plaintiff's behavior with Mr. Sharpe was dissimilar to her behavior in treatment from the previous two years, the ALJ failed to explain how Plaintiff's behaviors differed. *See* AR 29. Further, the ALJ's conclusory reasoning overlooks the fact that Mr. Sharpe wrote that his opinion applied only from April to September 2016; hence, treatment notes from the prior two years may not necessarily contradict Mr. Sharpe's findings for this particular time period. Given that the ALJ failed to explain how the earlier treatment notes could invalidate Mr. Sharpe's opinion, the ALJ erred. *See Garrison*, 759 F.3d at 1012-13 (an ALJ "errs when [she] rejects a medical opinion or assigns it little weight while . . . asserting without explanation that another medical opinion is more persuasive").

Moreover, in contrast to the ALJ's finding, treatment notes from the previous two years include similar symptoms as Plaintiff reported to Mr. Sharpe, such as her allegations of multiple personalities, loss of interest, flashbacks, and hallucinations. *See, e.g.*, AR 394-95 (symptoms of psychosis; racing thoughts; auditory hallucinations; discussing multiple personalities); AR 401 (flashbacks with smells; hearing voices); AR 494 (auditory hallucinations; discussing psychosis); AR 558 (feeling hopeless and overwhelmed). In all, this was not a germane reason to reject Mr. Sharpe's opinion, as it was vague and unsupported by substantial evidence in the record.

Third, the ALJ gave Mr. Sharpe's opinion minimal weight because she found Plaintiff was not medicated while Mr. Sharpe treated her. AR 29. Defendant concedes this was an inaccurate finding. Dkt. 13, p. 17. The Court agrees. *See, e.g.*, AR 57, 591-95 (Plaintiff's mental health medications during the relevant period).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15

1        Fourth, the ALJ rejected Mr. Sharpe's opinion about Plaintiff's social limitations because as the ALJ "detailed above," Plaintiff engaged in social interactions without limitations. AR 29. An ALJ may reject lay witness evidence if the claimant's activities are inconsistent with the lay witness's opinion. *See Carmickle v. Comm'r of. Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ's rejection of lay witness evidence because it was inconsistent with claimant's successful completion of continuous full-time coursework constituted reason germane to the lay witness). But "[t]he ALJ must provide an explanation for [her] determination." *McCann v. Colvin*, 111 F.Supp.3d 1166, 1175 (W.D. Wash. 2015) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)).

       In this case, the ALJ described Plaintiff's "social functioning" earlier in her decision. AR 22. Yet in rejecting Mr. Sharpe's opinion, the ALJ failed to explain what aspects of Plaintiff's social functioning undermined this opinion. *See* AR 29. As the ALJ failed to provide any explanation regarding her findings, the Court cannot determine whether she provided a germane reason, supported by substantial evidence, for giving Mr. Sharpe's opinion little weight. *See McCann*, 111 F.Supp.3d at 1175 (finding the ALJ failed to provide specific, germane reasons for discounting a lay opinion when the ALJ provided no explanation as to how the opinion was inconsistent with the overall medical record, the claimant's daily activities, and his work history); *Gilbert v. Colvin*, 2015 WL 4039338, * 5 (W.D. Wash. July 2, 2015) (finding the ALJ did not provide a sufficiently specific reason to discredit lay testimony when the ALJ did not give "any idea as to what in the medical evidence was inconsistent" with the opinion); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

1 | The ALJ's final two reasons for rejecting Mr. Sharpe's opinion are similar to reasons she gave for rejecting Dr. Czysz's opinion – that is, that Mr. Sharpe's opinion was undermined by Plaintiff's homelessness and ability to perform a part-time job. AR 29-30. Nonetheless, as the Court explained with respect to Dr. Czysz's opinion, the record does not support the ALJ's findings about Plaintiff's homelessness, as the references in the record to homelessness are vague and do not show Plaintiff was not limited in basic work activities. Likewise, as the Court also previously explained, the record is unclear as to whether Plaintiff indeed performed part-time work during the relevant period. Given the lack of support from the record, the ALJ's final two reasons for rejecting Mr. Sharpe's opinion are not germane or supported by substantial evidence.

Although the ALJ provided six reasons for assigning minimal weight to Mr. Sharpe's opinion, none of her reasons were germane or supported by substantial evidence in the record.[3] Accordingly, the ALJ erred in her consideration of Mr. Sharpe's opinion. Mr. Sharpe opined to more severe limitations than the limitations contained in the RFC. *See* AR 24, 70-75, 648-50. Had the ALJ properly considered Mr. Sharpe's opinion, the RFC may have included further limitations on the instructions Plaintiff can understand, remember, and carry out, as well as additional social limitations. *See* AR 648-49. As such, the ALJ's error is not harmless and requires remand. *See Molina*, 674 F.3d at 1115-17.

C. <u>Drs. Kraft, Robinson, and Eisenhauer</u>

Plaintiff further asserts the ALJ erred with respect to the opinion evidence from non-examining physicians, Drs. Kraft, Robinson, and Eisenhauer. Dkt. 10, pp. 8-11. Specifically, Plaintiff argues the ALJ erred by (1) giving greater weight to Drs. Kraft and Robinson over the

---

[3] Plaintiff suggests the ALJ may have also rejected Mr. Sharpe's opinion because it was supplied by Plaintiff's representative. Dkt. 10, p. 4. Defendant concedes, however, that the ALJ did not discount Mr. Sharpe's opinion on this basis. Dkt. 13, p. 17. Therefore, the Court does not assess this statement from the ALJ.

examining and treating sources, and (2) rejecting Dr. Kraft and Dr. Robinson's shared opinion that Plaintiff's attention and concentration "may be disrupted at time [sic] [.]" *Id.* Plaintiff also contends the ALJ erred by failing to properly consider Dr. Eisenhauer's opinion, which the ALJ rejected for reviewing only Dr. Czysz's opinion and another psychological examination. *Id.* at 8.

The "opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149 (citing *Magallanes*, 881 F.2d at 752). Thus, given that proper consideration of the medical opinion evidence of Dr. Czysz and Mr. Sharpe may impact the ALJ's treatment of non-examining physicians Drs. Kraft, Robinson, and Eisenhauer, the ALJ is directed to reassess the opinions of these non-examining physicians as necessary on remand, as well.

Regarding Dr. Kraft's opinion in particular, Defendant argues the ALJ's reasoning was supported by the record because a "detailed and thorough summary preceded the ALJ's discussion of Dr. Kraft's opinion." Dkt. 13, p. 11. Contrary to Defendant's argument, the Ninth Circuit has repeatedly held that, if an ALJ intends to reject an opinion for being unsupported by the record, she must explain how the record specifically contradicts that opinion. *See Garrison*, 759 F.3d at 1012-13 (citing *Nguyen*, 100 F.3d at 1464) ("Where an ALJ does not explicitly . . . set forth specific, legitimate reasons for crediting one medical opinion over another, [she] errs."); *Embrey*, 849 F.2d at 421-22 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). Hence, Defendant's argument is unpersuasive.

Thus, if the ALJ intends to reject any parts of these opinions, she is directed to explain her reasoning for doing so. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*

*v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ "may not reject 'significant probative evidence' without explanation. . . . the ALJ's written decision must state reasons for disregarding evidence of that nature.").

**II.     Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.**

Plaintiff asserts the ALJ failed to provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony. Dkt. 10, pp. 11-13.

Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 26th day of October, 2018.

David W. Christel
United States Magistrate Judge